**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Altorre Randolph, | ) | Criminal No. 3:08-1265-MJP |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This case is before the Court pursuant to a motion by Petitioner, Altorre Randolph ("Petitioner"), proceeding *pro se*, for relief under 28 U.S.C. § 2255. The United States of America ("Respondent") opposes the petition and moves for summary judgment in its favor pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

### I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The record shows that on July 13, 2008, Petitioner was arrested in Columbia, South Carolina after law enforcement officials performed a "Terry Frisk" on him and found him to be in possession of a loaded .357 revolver, .357 caliber ammunition, and .38 caliber ammunition. Petitioner was prohibited from legally possessing firearms or ammunition because he had been previously convicted of prior felony offenses. Thereafter, on July 16, 2008, Petitioner was named in a one-count Indictment charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Indictment, Docket Entry No. 1.) On January 6, 2009, the Respondent's attorney filed an Information notifying Petitioner he was subject to increased penalties pursuant to 18 U.S.C. § 924(e) because of his prior state convictions for assault and battery of a high and aggravated nature, trafficking crack cocaine, and four convictions for strong arm

robbery. (Information, Docket Entry No. 10.) On March 17, 2009, in accordance with the terms of a written plea agreement, Petitioner pled guilty to the aforementioned one-count Indictment. On June 9, 2009, this Court sentenced Petitioner to a term of imprisonment for the statutory mandatory minimum sentence of one hundred eighty (180) months. (Judgment, Docket Entry No. 42.) Petitioner did not file a notice of appeal regarding the sentence he received.

On June 21, 2010, Petitioner filed the instant petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that § 2255 relief is appropriate because his court-appointed attorney was ineffective for failing to contest his status as an armed career criminal and his sentence was issued in violation of the Sixth Amendment and United States v. Booker, 543 U.S. 220 (2005). Respondent filed opposition to Petitioner's petition and a motion for summary judgment on July 26, 2010.

## II.     MOTION TO VACATE, CORRECT, OR SET ASIDE SENTENCE

**A.     Standard**

Section 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." Id. If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. Id.

Generally, when a petitioner attacks his sentence based upon errors that could have been but

were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir.1994)). However, where, as here, Respondent has not contended that Petitioner's claims are procedurally defaulted, the court need not determine whether cause and prejudice excuse any default before deciding the merits. See Trest v. Cain, 522 U.S. 87, 89 (1997) ("procedural default is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter."). Moreover, this Petitioner alleges ineffective assistance of counsel and such a claim generally cannot be raised on direct appeal and is properly addressed on collateral review. Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that federal habeas petitioner may bring ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal).

**B.    Designation as Armed Career Criminal**

The Sixth Amendment requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Petitioner asserts that his designation as an armed career criminal is in violation of the Sixth Amendment and the Supreme Court's rulings in United States v. Booker, 543 U.S. 220 (2005), Shepard v. United States, 544 U.S. 13 (2005), and Almendares-Torres v. United States, 523 U.S. 224 (1998), which he argues prohibit sentencing him as an armed career criminal unless a jury finds (or he admits) the facts required by the statute. Petitioner further argues that the Court erred in finding

3

that his prior state court conviction 'are violent'" or "that they should be treated 'separately when the state in which they originated treated them jointly.'" (Petition, Docket No. 48, p. 10.) Petitioner concludes that since he has not admitted facts to establish that he was convicted of three or more violent felonies or serious drug offenses committed on separate occasions, nor were these facts found by a jury, an enhanced sentence is not justified.

The armed career criminal enhancement that Petitioner complains of is found in the Armed Career Criminal Act ("ACCA"), which provides that a defendant convicted of a weapon offense under 18 U.S.C. § 922(g)(1) shall receive a mandatory minimum fifteen year sentence if he has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another" or "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2); see also United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1994) (A defendant need not use or threaten use of force because "it is enough that the crime of which the defendant was convicted has as an element the use or threatened use of force"). To qualify as a serious drug offense for the armed career criminal enhancement, the offense is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Petitioner was convicted under South Carolina law for strong arm robbery (four times), one

conviction for trafficking in crack cocaine, and one conviction for assault and battery of a high and aggravated nature ("ABHAN"). To determine whether a state offense qualifies as a predicate offense under the ACCA, the Fourth Circuit Court of Appeals uses the categorical approach which "takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). South Carolina defines strong arm robbery as "the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear" and "[u]pon conviction, a person must be imprisoned not more than fifteen years." State v. Gourdine, 472 S.E.2d 241 (1996); S.C. Code § 16-11- 325. The crime of ABHAN under South Carolina law is the "unlawful act of violent injury to another accompanied by circumstances of aggravation" such as "the use of a deadly weapon, the intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, and resistance to lawful authority." State v. Fennell, 531 S.E.2d 512, 516 - 17 (S.C. 2000). ABHAN is punishable by up to 10 years in prison, in the court's discretion. State v. Hill, 175 S. E. 2d 227, 231 - 2 (S.C. 1970). The South Carolina drug trafficking law is codified in S.C. Code § 44-53- 375(C), which states as follows:

> A person who knowingly sells, manufactures, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of ten grams or more of ice, crank, or crack cocaine . . . is guilty of a felony which is known as "trafficking in ice, crank, or crack cocaine" and, upon conviction, must be punished as follows if the quantity involved is: (1) ten grams or more, but less than twenty-eight grams: (a) for a first offense, a term of imprisonment of not less than three years nor more than ten years .
> . . .

5

Based on the categorical approach, Petitioner's convictions for ABHAN and strong arm robbery are violent felonies and his conviction for trafficking crack cocaine is a serious drug offense. Therefore, Petitioner's designation as an armed career criminal was in error only if his convictions were committed on a single "occasion" such that his total convictions numbered less than three. 18 U.S.C. § 924(e)(1) (The armed career criminal enhancement requires that the convictions be committed on different occasions).

"Occasions" are "those predicate offenses that can be isolated with a beginning and an end - ones that constitute an occurrence unto themselves." United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995). To decide whether previous convictions were committed on different occasions, the court should consider (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense. United States v. Leeson, 453 F.3d 631, 640 (4th Cir. 2006) (citing United States v. Letterlough, 63 F.3d 332, 335-37 (4th Cir. 1995). Here, Petitioner's six predicate convictions were charged separately, occurred on five different dates over a six year period of time, involved three distinct violations of criminal statutory law, and were disposed of in four separate hearings.[1] Accordingly, Petitioner's classification as an armed career

---

[1]

| Offense | Charge Doc | Statute Violated | Date of Offense | Date of Conviction |
|---|---|---|---|---|
| Strong Arm Robbery | 2002-GS-40-08413 | S.C. Code § 16-11-325 | 08/23/2002 | 03/13/2003 |
| ABHAN | 2002-GS-40-08412 | S.C. Code § 17-25-30 | 08/23/2002 | 03/13/2003 |
| Trafficking Crack Cocaine | 2000-GS-40-39849 | S.C. Code § 44-53- 375(C) | 03/31/1999 | 10/26/2000 |
| Strong Arm Robbery | 2000-GS-40-39893 | S.C. Code § 16-11-325 | 02/25/1999 | 06/08/2000 |
| Strong Arm Robbery | 1998-GS-40-34533 | S.C. Code § 16-11-325 | 08/11/1998 | 10/12/1998 |
| Strong Arm Robbery | 1996-GS-40-13456 | S.C. Code § 16-11-325 | 05/10/1996 | 10/12/1998 |

criminal was proper.

C.     **Ineffective Assistance of Counsel**

Petitioner contends that he was denied effective assistance of counsel in violation of the Sixth Amendment because his attorney did not contest at sentencing Petitioner's classification as an armed career criminal under 18 U.S.C. § 924(e). The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. Strickland, 466 U.S. at 687. To demonstrate deficient performance, Petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. Id. at 687-88. To demonstrate actual prejudice, Petitioner, because he is alleging ineffective assistance of counsel in connection with the entry of a guilty plea, must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

Petitioner specifically contends that his attorney failed to make several arguments on his behalf which "any competent attorney should have forwarded" to oppose his classification as an armed career criminal. First, Petitioner asserts that his attorney was ineffective because he failed to argue that three of Petitioner's convictions (two for strong arm robbery, one for possession of crack cocaine) should be treated as a single offense because they were part of a common scheme and thus

---

Information, Docket Entry No. 10.

7

are related offenses as exemplified by their consolidation at sentencing. Petitioner next asserts that the convictions used to establish his armed career criminal status were relatively "minor State Court convictions, which now over represents the seriousness of Petitioner's past criminal episodes." Finally, Petitioner asserts that South Carolina's characterization of the offense should control how the convictions are characterized for sentencing guidelines purposes. In this regard, Petitioner contends he was erroneously sentenced because South Carolina considers strong arm robbery or common law robbery to be a nonviolent offenses and trafficking in South Carolina is a "lessor-included controlled substance offense" making it unsuitable for supporting a § 924(e) enhancement.

      Prior to sentencing, Petitioner's attorney was made aware that Petitioner had prior convictions, including four convictions for strong arm robbery on October 12, 1998, June 8, 2000, and March 13, 2003, an October 26, 2000 conviction for trafficking in crack cocaine, and a March 13, 2003 conviction for assault and battery of a high and aggravated nature. (Information, Docket Entry No. 10; Presentence Investigation Report, Docket No. 41, pp. 4 – 5.) Only three convictions were necessary to subject him to increased penalties under 18 U.S.C. § 924(e). To oppose the inclusion of any of these convictions as predicates for an armed career criminal determination, Petitioner's attorney would have to establish that the conviction was neither a violent felony, nor a serious drug offense, or the offense was committed on the same occasion as one or more other offenses. See Custis v. United States, 511 U.S. 485, 496 (1994) (Once the government establishes the fact of a prior conviction, the defendant must show that the conviction sought to be used as a prior conviction is subject to collateral challenge).

      Upon review of the underlying record, the arguments Petitioner claims his attorney should have made would not have resulted in him having fewer than three prior convictions for a violent

felony or a serious drug offense. The fact that several offenses were consolidated for sentencing does not merge the offenses under the ACCA as "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses." United States v. Huntley, 327 Fed.Appx. 438, 439 (4th Cir. 2009). Moreover, Petitioner's argument that his convictions are "minor" under South Carolina law is not persuasive because the particular label or categorization under state law is not controlling. See Taylor v. United States, 495 U.S. 575, 590 – 91 (1990). In this regard, the determination that the Petitioner was an armed career criminal was proper and he has not shown that his attorney's performance was constitutionally ineffective for failing to oppose his classification as an armed career criminal under 18 U.S.C. § 924(e). See Baker v. Corcoran, 220 F.3d 276, 293 n. 15 (4th Cir. 2000) (stating that counsel are not constitutionally deficient for failing to raise a meritless challenge). Therefore, Petitioner fails to establish deficient performance under Strickland.

Petitioner further fails to even allege, much less establish, that a reasonable probability existed that, but for his counsel's alleged ineffectiveness, he would have insisted on going to trial instead of pleading guilty. Consequently, Petitioner's ineffective assistance of counsel claim is also denied for failing to establish prejudice. See Hill v. Lockhart, 474 U.S. 52, 53-59 (1985); Hooper, 845 F.2d at 475.

### III. CONCLUSION

Upon careful consideration of the entire record as well as briefs submitted by both parties, the Court is of the opinion that Altorre Randolph's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 should be and is hereby **DENIED**. The Motion for Summary Judgment of the United States of America is hereby granted.

9

**IT IS SO ORDERED**.

                    s/Matthew J. Perry, Jr.
                    **MATTHEW J. PERRY, JR.**
                    **SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina,**
**May 5, 2011**