IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Altorre Randolph, | ) | |
| | ) | Cr. No. 3:08-1265 |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Movant Altorre Randolph is an inmate in custody of the Federal Bureau of Prisons who currently is housed at USP-Big Sandy in Inez, Kentucky. This matter is before the court on Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, which motion was filed on May 2, 2016.[1] Movant, through counsel, filed a supplemental § 2255 motion on May 13, 2016. Movant filed a pro se motion to supplement his § 2255 motion on May 25, 2016, to alert the court to the decision in United States v. Gardner, 823 F.3d 793 (4th Cir. 2016). Movant's motion to supplement (ECF No. 72) is **granted**, although Gardner does not govern the analysis because it pertains to North Carolina, rather than South Carolina, criminal law.

Also before the court is motion for summary judgment filed by the United States on June 7, 2016, to which Movant filed a response on July 8, 2016.

I. FACTS

Movant was indicted on July 16, 2008, and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). The United States filed an

---

[1] Movant filed a § 2255 motion on June 21, 2010, which was denied on May 6, 2011. Movant received authorization from the Court of Appeals for the Fourth Circuit to file a successive § 2255 motion. ECF No. 63.

Information pursuant to 18 U.S.C. § 851 on January 6, 2009, notifying Movant that he was subject to increased penalties based on prior convictions for (1) strong arm robbery and assault and battery of a high and aggravated nature in 2003; (2) trafficking in crack cocaine, 10-28 grams, first offense, in 2000; (3) strong arm robbery in 2000; (4) strong arm robbery in 1998; and (5) strong arm robbery in 1998. Movant pleaded guilty before the Honorable Matthew J. Perry, Jr. on March 17, 2009.

A presentence investigation report (PSR) was prepared by the United States Probation Office. The PSR recited that Movant had been convicted of strong arm robbery and sentenced in the Richland County, South Carolina, Court of General Sessions on October 12, 1998, to fifteen years confinement suspended on time served and three years probation (offense date May 10, 1996). ECF No. 41, ¶ 18. The PSR also recited that Movant had been convicted of strong arm robbery and sentenced in the Richland County, South Carolina, Court of General Sessions on October 12, 1998, to fifteen years confinement suspended on time served and three years probation (offense date August 11, 1998). Id. ¶ 21. The PSR further recited that Movant had been convicted of strong arm robbery and sentenced in the Richland County, South Carolina, Court of General Sessions on June 8, 2000, to three years confinement (offense date February 25, 1999). Id. ¶ 22. The PSR recited that Movant had been convicted of trafficking in crack cocaine and sentenced in the Richland County, South Carolina, Court of General Sessions on October 26, 2000, to three years confinement (offense date March 31, 1999). Id. ¶ 23.

The PSR also noted that Defendant had been convicted of assault and battery of a high and aggravated nature and strong arm robbery in the Richland County, South Carolina, Court of General Sessions and sentenced on February 13, 2003, to five years confinement suspended on the service of three years and two years probation, to run concurrently (offense date August 23, 2002). Id. ¶ 24.

The convictions enumerated hereinabove were identified as predicate convictions for an armed career criminal enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).

Movant's criminal history points totaled 24, for a criminal history category of VI. Further, because Movant was designated as an armed career criminal, his criminal history category was VI. Movant's base offense level was 24. He received a four-level increase for using or possessing a firearm or ammunition in connection with another felony offense (armed robbery), for an adjusted offense level of 28. Because he had received at least three prior convictions for a violent felony or serious drug offense or both, Movant's offense level became 34. Movant received a 3-level reduction for acceptance of responsibility, for a total offense level of 31. Movant's guidelines range was 188-235 months imprisonment. On June 9, 2009, Judge Perry granted a variance and sentenced Movant to 180 months incarceration. Judgment was entered on June 11, 2009.[2]

Movant moves for relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court interpreted a portion of the ACCA that mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm, if the offender has three or more convictions for a serious drug offense or violent felony. See 18 U.S.C. § 922(g)(1). Under 18 U.S.C. § 924(e)(1), "a person who has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, . . . shall be . . . imprisoned not less than fifteen years[.]" Under § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves

---

[2] The case was reassigned to the undersigned on May 2, 2016, after Judge Perry's passing.

conduct that presents a serious potential risk of physical injury to another. In Johnson, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

Movant argues that his convictions for strong arm robbery fall within the residual clause and therefore his sentence is unconstitutional under Johnson. Movant's argument is without merit because the Fourth Circuit Court of Appeals has determined strong arm robbery qualifies as a crime of violence under § 924(c)(3)(A), which is the "force clause" of § 924(c)(3).

In United States v. Doctor, 842 F.3d 306 (4th Cir. 2016), the Fourth Circuit applied the categorical approach to examine the elements of the state offense and determine the minimum conduct required to sustain a conviction. Id. at 308. The Fourth Circuit noted that the South Carolina Supreme Court has defined robbery[3] as "the 'felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear.'" Id. at 309 (quoting South Carolina v. Rosemond, 589 S.E.2d 757, 758 (S.C. 2003)). The Fourth Circuit determined that, under South Carolina law, putting a person in fear of robbery necessarily requires the threat of using physical force. Accordingly, the Fourth Circuit held that South Carolina robbery qualifies as a predicate violent felony within the meaning of the ACCA. Id. at 312.

The court concludes that Movant's prior convictions for strong arm robbery qualify as

---

[3] The Fourth Circuit noted that strong arm robbery and common law robbery are synonymous terms under South Carolina law, and, for ease of reference, referred to the offense as South Carolina robbery. Doctor, 842 F.3d at 308, n.1.

predicate offenses under the ACCA. The United States' motion for summary judgment is **granted**,[4] and Movant's § 2255 motion is **denied and dismissed, with prejudice**.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 18, 2017

---

[4] Although the United States' motion for summary judgment was filed prior to the Fourth Circuit's ruling in Doctor, the United States advanced the arguments adopted by the Fourth Circuit and, in fact, referenced Doctor in its motion.